UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

LORENZO SCOTT,

                Petitioner,

– against –

DEPARTMENT OF CORRECTIONS and NYS DIVISION OF PAROLE,

                Respondents.

**MEMORANDUM & ORDER**

11-cv-2882-ERK

KORMAN, J.:

      On June 5, 2001, petitioner Lorenzo Scott pled guilty to attempted rape and assault and, on July 11, 2001, he was sentenced to concurrent prison terms of ten and seven years. The sentencing court, however, failed to pronounce the statutorily-required term of post-release supervision. *See* N.Y. Crim. Proc. Law § 70.45. Nearly eight years later, on February 24, 2009, prior to Scott's release from prison, the court corrected his illegal sentence and resentenced him to the same prison terms originally imposed and added two concurrent three-year terms of supervised release. Scott appealed his resentencing, and the Appellate Division, Second Department, affirmed the sentence. *People v. Scott*, 81 A.D.3d 988 (2d Dep't 2011). Scott then filed a petition for a writ of habeas corpus in this court on June 13, 2011, challenging his resentencing and arguing that the addition of the supervision term was a violation of the constitutional prohibition on double jeopardy and his right to due process. It was neither, and the petition is therefore denied.

      The New York Court of Appeals has held that imposing an additional term of supervision on a defendant who has already been released from custody is a violation of the prohibition on double jeopardy. *See People v. Williams*, 14 N.Y.3d 198 (2010), *cert. denied* 131 S. Ct. 125

(2010). Similarly, the imposition of an additional term of supervision by an administrative agency has been held to violate due process. *See Earley v. Murray*, 451 F.3d 71, 76 (2d Cir. 2006). Nevertheless, resentencing a defendant to incorporate a mandatory term of supervision that was inadvertently overlooked at the time of the original imposition of sentence violates neither. Indeed, the Court of Appeals in *Williams* specifically held that the state court has the power to correct an illegal sentence as long as the defendant is still in custody. *Williams*, 14 N.Y.3d at 214–15 (citing *Bozza v. United States*, 330 U.S. 160, 167 (1947)).

Moreover, the Supreme Court has held that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). Similarly, the Second Circuit in *Earley* noted that its "ruling is not intended to preclude the state from moving in the New York courts to modify [the defendant's] sentence to include the mandatory [post-release supervision] term." *Earley*, 451 F.3d at 77; *see also Sudler v. City of N.Y.,* 689 F.3d 159, 171 (2d Cir. 2012) ("*Earley* makes clear that even the illegality of a judge's sentence does not affect a prisoner's right . . . to serve only the sentence imposed by the sentencing judge, until such time as that sentence is lawfully modified by a judge.").

The Second Circuit recently held, in a § 1983 action, that, as such, "the State was required either to have [defendants] *resentenced by the court* for the imposition of [post-release supervision] terms in a constitutional manner or to excise the [post-release supervision] conditions from their records and relieve them of those conditions." *Vincent v. Yelich*, 718 F.3d 157, 172 (2d Cir. 2013) (emphasis added). Indeed, this procedure was *mandated* by the New York legislature in response to *Earley* and related Court of Appeals cases. *See* N.Y. Correct. Law § 601-d. District court cases in this circuit have also held that there is no constitutional violation in circumstances identical to those of Scott. *See*, *e.g.*, *Thomas v. Heath*, No. 10-cv-

2

5861, 2011 WL 1849097, at *11 (S.D.N.Y. May 16, 2011), *adopted by* 2011 WL 2671300 (S.D.N.Y. July 6, 2011); *Weekes v. Mazzuca*, No. 03-cv-4828, 2011 WL 1118667, at *2 (S.D.N.Y. March 24, 2011).

As such, the Appellate Division's decision affirming Scott's resentencing is not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
September 10, 2013

/s/
Edward R. Korman
Senior United States District Judge

3